IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
CASE NO. ___-CV-____

| | |
|---|---|
| JEFFREY TAEKMAN, M.D.,<br><br>    Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA;<br><br>    Defendant. | **COMPLAINT** |

Plaintiff, Jeffrey Taekman, M.D., by and through counsel, states as his Complaint the following:

## INTRODUCTION

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.

2. This is an action for payment of long-term disability ("LTD") benefits and enforcement of ERISA rights pursuant to 29 U.S.C. §1132.

## THE PARTIES

3. Plaintiff, Jeffrey Taekman ("Plaintiff" or "Dr. Taekman"), is a resident of Chapel Hill, North Carolina.

1

4. Upon information and belief, Defendant Unum Life Insurance Company of America (hereinafter "Unum"), is an insurance company domiciled in Maine selling policies, insuring persons, and conducting other business throughout the United States including, *inter alia*, substantial activity in North Carolina.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1331.

6. Plaintiff is entitled to bring this action as a Participant within the meaning of ERISA, 29 U.S.C. §1002(7).

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## DR. TAEKMAN'S DISABILTY CLAIM

8. At all times relevant to this action, Dr. Taekman was employed by Private Diagnostic Clinic, PLLC at Duke University Medical Center and by Duke University, working in Durham, North Carolina.

9. At all times relevant to this action, Dr. Taekman was a board-certified Anesthesiologist, and practiced medicine in the specialty of anesthesiology.

10. Based on his employment and participation in the Private Diagnostic Clinic, PLLC Long Term Disability Plan (hereafter "Plan"), at all times relevant to this action Dr. Taekman was insured under Unum Group Policy No. 409811 002 providing LTD insurance benefits (hereafter "Policy").

11. Unum is the insurance company that both administers and insures all of the benefits owed to Plaintiff under the Policy.

12. Unum is solely responsible for making all benefit determinations and for paying and providing all benefits under the Policy from Unum's own funds.

13. At all times relevant to this action, Dr. Taekman has suffered from Chronic Lymphocytic Leukemia (CLL), a condition which compromises his immune system and causes fatigue, decreased stamina, weakness and nausea. Dr. Taekman also suffers from numerous other health conditions, including Crohn's Disease, severe obstructive sleep apnea, and essential hypertension, among others.

14. Due to Dr. Taekman's medical conditions, including those described above, Dr. Taekman became limited from performing the material and substantial duties of his regular occupation of Anesthesiologist.

15. Dr. Taekman timely applied for benefits under the Policy from Unum.

16. Upon information and belief, the Policy provides that Unum will pay Dr. Taekman a monthly disability benefit through at least his sixty-fifth birthday.

17. The maximum duration for Dr. Taekman to receive LTD benefits extends through at least May 2029.

18. Unum determined that Dr. Taekman's disabling medical conditions limited him from performing the material and substantial duties of his regular occupation for approximately twelve weeks.

19. By letter dated August 12, 2020, Unum then denied Dr. Taekman's LTD benefits, effective on or about June 14, 2020.

20. Dr. Taekman timely appealed Unum's decisions to deny his benefits.

21. Dr. Taekman submitted to Unum voluminous evidence documenting his disability and his inability to perform his own

4

occupation or any occupation, including without limitation: medical records documenting his medical conditions and impairments and statements from his treating physicians supporting his disability.

22. Dr. Taekman provided credible evidence of his disability to Unum such that the only reasonable conclusion from all of the evidence is that he is disabled and that he is entitled to benefits under the Policy.

23. By letter dated July 21, 2021, Unum issued its appeal decision denying Dr. Taekman's LTD benefits.

### UNUM'S UNREASONABLE BENEFIT DETERMINATIONS

24. At all times relevant to this action, Dr. Taekman has been disabled under the Policy and entitled to benefits as specified in the Policy.

25. Unum's adverse decision to deny Dr. Taekman's benefits is grossly wrong, without basis and contrary to the evidence before it.

26. Unum's adverse decision is unreasonable, is not based on substantial evidence, is not the result of a deliberate,

principled reasoning process, and constitutes an erroneous determination.

27. Unum did not maintain reasonable claim procedures or provide a full and fair review of Dr. Taekman's claim as required by ERISA.

28. Instead, Unum acted only in its own pecuniary interest and violated the Policy and ERISA through its unreasonable conduct described herein.

29. Unum's unreasonable conduct includes, but is not limited to the following acts:

   a. designing the entire claim review process for the biased purpose of obtaining documentation to support a claim denial rather than adjudicating claims as a fiduciary;

   b. conducting a review of Dr. Taekman's claim in a manner calculated to reach the desired result of denying benefits;

   c. consulting biased medical personnel whom Defendant suspected or knew would render opinions favorable to Defendant;

6

d. ignoring competent evidence of Dr. Taekman's disability and without any credible contrary evidence;

   e. failing to evaluate or adequately evaluate Dr. Taekman's medical conditions;

   f. failing properly to consider and credit the records and medical opinions of Dr. Taekman's treating physicians without any credible contrary evidence or medical examination of Dr. Taekman;

   g. imposing requirements to receive benefits that are not required by the Policy; and

   h. ignoring Unum's own internal medical literature, reference materials and claim procedures about evaluating Dr. Taekman's medical conditions.

30. Unum had an inherent and substantial conflict of interest in administering Dr. Taekman's claim, by virtue of the fact that Unum is both the insurer of the Policy and payor of benefits, as well as the decision maker on whether benefits should be paid.

31. Accordingly, Unum has a pecuniary interest in denying claims under the Policy.

32. Unum's pecuniary interest in denying claims under the Policy extends to Dr. Taekman's claim.

33. The Plan Administrator has not issued a valid plan document granting Unum discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

34. The Court should review Unum's adverse decisions on Plaintiff's claim under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989).

35. In the alternative, Unum's adverse decision on Plaintiff's claim constitutes an abuse of discretion.

## CLAIM FOR RELIEF

36. Plaintiff incorporates by reference Paragraphs 1 through 35 above as if fully set forth below.

37. As more fully described above, Dr. Taekman exhausted all claim review procedures and administrative remedies to the extent required.

38. As more fully described above, the conduct of Unum and its denial and refusal to pay and provide Dr. Taekman's benefits constitute a breach of its obligations under the Policy and ERISA.

8

39. Dr. Taekman brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits and to enforce his rights under the Policy and ERISA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*.
2. The Court may take and review the records and claim file(s) and any other evidence that it deems necessary to conduct an adequate *de novo* review;
3. Dr. Taekman has been entitled to LTD benefits since the effective date of Unum's denial and continuing through the present and beyond;
4. Unum's denial decisions shall be reversed and Defendant shall provide all LTD and any other benefits due to Plaintiff,
5. Plaintiff shall receive any further relief to which he is entitled to under the Policy, ERISA and otherwise;

6. Defendant shall pay to Plaintiff such prejudgment interest as allowed by law;

7. Defendant shall pay Plaintiff's costs of litigation and any and all other reasonable costs and damages permitted by law;

8. Defendant shall pay attorney's fees for Plaintiff's counsel; and,

9. Plaintiff shall receive such further relief against Defendant as the Court deems lawful, just and proper.

Respectfully submitted, this \_\_\_\_ day of July, 2022.

/s/ Charles McB. Sasser
/s/ Rachel C. Matesic
Charles McB. Sasser
NC State Bar No.: 10027
Rachel C. Matesic
NC State Bar No.: 50156
Attorneys for the Plaintiff
The Sasser Law Firm, P.A.
1011 East Morehead Street, Suite 350
Charlotte, NC 28204
Phone: (704) 342-4200
Fax: (704) 342-0798
Email: msasser@sasserlawoffice.com
Email: rmatesic@sasserlawoffice.com
